Barrett, J.
The plaintiff moves to dismiss this appeal upon ■two grounds. First, that Mrs. Mackaye has virtually appeared in the action, and submitted to the jurisdiction of the court. Second, that her objections to the jurisdiction should be taken hy answer or demurrer.
As to the first ground, it is only necessary to say that the court at special term, upon due notice to the plaintiff, has extended Mrs. Mackaye’s time to appear until after the decision of her appeal from the order upholding the publication. If *235 Mrs. Mackaye had appeared generally in the action, the plaintiff should have opposed that application on the ground upon, which he makes the present motion.
The order extending the time to so appear, made after the acts which the plaintiff now claims constituted a general appearance, is conclusive upon that head. But further, it is entirely clear that none of the acts specified by the plaintiff amounted to a waiver of the objection to the jurisdiction. The Oode provides that the defendant’s appearance must be made by serving upon the plaintiff’s attorneys a notice of appearance, or a copy of a demurrer or of an answer. Code Civ. Pro., § 431. Nothing of the kind was here served, nor did the defendant take any step which could be construed as equivalent to the statutory method of appearance. Indeed, she has protested against the assumption of jurisdiction throughout the proceedings. It is not even pretended that her attorney had authority to appear for her generally. His authority seems to be limited to appearing for the sole purpose of denying the jurisdiction, which he has done at every step in the cause.
As to the second point, the case of Bryan v. University Pub. Co., 112 N. Y., 383; 21 N. Y. State Rep., 21, is conclusive. The court there held that the defendant “is entitled to make the motion rather than submit to the hardships of coming into this state to defend the action.”
The motion should, therefore, be denied, with ten dollars costs.
Van Brunt, P. J., and Bartlett, J., concur.